UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARK A. SMITH,

                Plaintiff,                **MEMORANDUM AND ORDER**
                                                                   22-CV-07229 (PKC)

                -v-

POLICE OFFICER JOHN DOE,

                Defendant.
------------------------------------------------------------x
PAMELA K. CHEN, District Judge.

        On November 21, 2022, Plaintiff Mark A. Smith commenced this *pro se* action pursuant to 42 U.S.C. § 1983 alleging that Defendant Police Officer John Doe had falsely arrested him. Plaintiff's request to proceed *in forma pauperis* is granted. For the reasons stated below, the Court directs Plaintiff to show cause by written affirmation, within thirty (30) days of the date of this Order, why this action should not be dismissed as barred by the statute of limitations.

## STANDARD OF REVIEW

        A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also*

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

## DISCUSSION

Plaintiff asserts that he was falsely arrested by Defendant in April 2016 based on his former girlfriend's allegedly false report that Plaintiff had threatened her. (Dkt. 1 at 4–5.) Plaintiff further asserts that, in order to "secure a warrant to track [his] cell phone," Defendant "falsely claimed" that Plaintiff had threatened his former girlfriend, even though there was no evidence that Plaintiff had done so or that Plaintiff had otherwise "violated a family court order of protection." (*Id.*) Plaintiff seeks monetary damages. (*Id.* at 6.)

### I.     Plaintiff's Claim Appears to be Time-Barred

Plaintiff brings this action under 42 U.S.C. § 1983, which provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and

federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979); *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

It appears that Plaintiff's false arrest claim is time-barred. Section 1983 actions filed in New York are subject to a three-year statute of limitations. *Owens v. Okure*, 488 U.S. 235, 249– 50 (1989) (holding that the residual personal injury statute of limitations should apply to Section 1983 actions in states like New York with multiple statutes of limitations for certain enumerated intentional torts and a residual statute for all other personal injury actions); *Steinbergin v. City of New York*, No. 21-CV-536 (ALK) (RDS) (SJM), 2022 WL 1231709, at *2 (2d Cir. Apr. 27, 2022); *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013); *Grant v. ASPCA*, No. 22-CV-775 (PKC) (LB), 2022 WL 2669926, at *2 (E.D.N.Y. July 11, 2022). A false arrest claim in violation of the Fourth Amendment, where criminal proceedings follow the arrest, begins to run at the time the claimant becomes detained pursuant to legal process. *See Wallace v. Kato*, 549 U.S. 384, 397 (2007); *Dorsainvil v. City of New York*, No. 19-CV-02323, 2020 WL 6482348 (RPK) (SMG), at *3 (E.D.N.Y. Nov. 4, 2020). Here, Plaintiff asserts that his false arrest claim arose in April 2016, nearly six and one-half years before the filing of the instant action. The action must therefore be dismissed unless Plaintiff can show that equitable tolling applies.

In New York, equitable tolling is "applied only in "rare and exceptional circumstances," where a party was prevented from timely performing a required act and where that party "acted with reasonable diligence throughout the period he [seeks] to toll." *Jones v. City of New York*, 846 Fed. Appx. 22, 24 (2d Cir. 2021) (quoting *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005)); *Philips v. Smith*, No. 19-CV-2019, 2021 WL 4224957 (CS), at *4 (S.D.N.Y. Sept. 15, 2021). Plaintiff has not alleged any basis for equitable tolling. However, since Plaintiff is entitled to notice and an opportunity to be heard before the Court dismisses the action as untimely, the Court

3

grants him leave to file an affirmation showing cause why this action should not be dismissed as time-barred. *Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007).

## CONCLUSION

Plaintiff is granted 30 days' leave to submit an Affirmation showing cause why this action should not be dismissed as time-barred. Plaintiff must submit the affirmation to the Court's Pro Se office within thirty (30) days of the date of this Order, caption the document as an "Affirmation," and label the document with the case number.[1] If Plaintiff fails to file an Affirmation within the time allowed or show good cause why he cannot comply, the Court will dismiss this action as untimely. No summons shall issue at this time, and all further proceedings shall be stayed for 30 days.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: December 15, 2022
Brooklyn, New York

---

[1] An Affirmation form is attached for Plaintiff's convenience.

4