UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARK A. SMITH,

                Plaintiff,                      **MEMORANDUM AND ORDER**
                                                                   22-CV-07229 (PKC)

                -v-

POLICE OFFICER JOHN DOE,

                Defendant.
------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge.

      On November 21, 2022, Plaintiff Mark A. Smith commenced this *pro se* action, pursuant to 42 U.S.C. § 1983, alleging that Defendant Police Officer John Doe falsely arrested him. By Memorandum & Order dated December 15, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* and directed him to show cause by written affirmation, within thirty (30) days of the date of that Order, why the action should not be dismissed as barred by the statute of limitations. On January 13, 2023, Plaintiff filed his affirmation. For the reasons discussed below, Plaintiff's complaint is dismissed as time-barred.

## DISCUSSION

      The Court assumes familiarity with the factual background as discussed in the Court's prior opinion in this case (Dkt. 4), and will therefore only recount the facts as necessary. Plaintiff alleges that he was falsely arrested by Defendant in April 2016 based on the allegedly false report of Plaintiff's former girlfriend that Plaintiff had threatened her. (Dkt. 1, at 4–5.) Plaintiff's affirmation argues that his complaint is not time-barred by the applicable statute of limitations period because on November 22, 2019, his criminal conviction was reversed, and the accusatory instrument was dismissed. (Dkt. 5 (citing *People v. Smith*, 119 N.Y.S.3d 689 (N.Y. App. Div. 2019).)

1

When a plaintiff brings an action under Section 1983, courts look to state law for the applicable statute of limitations. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007) ("Section 1983 provides a federal cause of action . . . ."). In New York, the statute of limitations for claims brought pursuant to § 1983 is three years. *Owens v. Okure*, 488 U.S. 235, 249–50 (1989); *Steinbergin v. City of New York*, No. 21-CV-536, 2022 WL 1231709, at *2 (2d Cir. Apr. 27, 2022); N.Y. C.P.L.R. § 214(5).

The Supreme Court has held that the "statute of limitations upon a [Section] 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397; *Lynch v. Suffolk Cnty. Police Dep't, Inc.*, 348 F. App'x 672, 675 (2d Cir. 2009). Here, Plaintiff's false arrest claim arose in April 2016, when he was arrested and detained pursuant to legal process—nearly six and one-half years before he filed the instant action. The fact that Plaintiff's criminal conviction was reversed on November 22, 2019, does not render his claim for false arrest timely filed, because his claim accrued at the time of his arrest in 2016, not when his conviction was reversed in 2019. *See Wallace*, 549 U.S. at 397 (declining to hold that a claim for false imprisonment began accruing "after the State dropped the charges").

Plaintiff's claim for false arrest is barred by the three-year statute of limitations and his submissions offer no basis for equitable tolling of the limitations period. *See, e.g.*, *Best v. Merchant*, No. 21-CV-779 (GHW), 2022 WL 17551935, at *3 (S.D.N.Y. Dec. 9, 2022) (noting that because the plaintiff filed his action for false arrest over five years after the limitations period expired, his claim is time-barred); *Jones v. Assencao*, No. 20-CV-693 (DG) (SJB), 2022 WL 4455229, at *3 (E.D.N.Y. June 28, 2022) (noting that because the plaintiff filed his action for false

arrest over a year after the limitations period expired, his claim is time-barred); *Helwing v. City of New York*, No. 18-CV-3764, 2021 WL 781794 (KAM), at *5 (E.D.N.Y. Mar. 1, 2021)*, aff'd sub nom*. *Helwing v. Pszeniczny*, No. 21-843, 2022 WL 610341 (2d Cir. Mar. 2, 2022).

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis*, is dismissed as barred by the statute of limitations. *See* 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court is respectfully directed to enter judgment, to mail a copy of the judgment and this memorandum and order to Plaintiff, and to note the mailings on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: March 6, 2023
    Brooklyn, New York